IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROY LYNN McDAVID, #01235555 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv579 |
| KIMBERLY THOMPSON, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Roy Lynn McDavid, a prisoner confined at the Smith Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Plaintiff's motion for a preliminary injunction, (Dkt. #38). For reasons explained below, the Court recommends that the motion be denied.

**I. McDavid's Motion**

In his motion, McDavid maintains that he has a right to protection from harm that occurs daily and is ongoing, including upon arrival at an identifiable prison unit—as he fears for his safety because he is "an outcast in solitude." McDavid "ask[s] for my safety make injunction and final order for TDCJ-[CID] state classification to place me on G2 safekeeping status" due to an assault. He also asserts that Captain Aynes is retaliating against him and threatened his life. McDavid then states that he needs placement in safekeeping so he can pursue his legal work without threats and to file another civil rights lawsuit.

**II. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

Finally, principles of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state or local agencies; the Supreme Court has stated that correctional administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain internal security. *See Block v. Rutherford*, 468 U.S. 576, 584-85 (1984). Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)). In other words, federal courts do not micromanage prison operations save exceptional circumstances.

Here, McDavid fails to meet the required elements required for a preliminary injunction. While McDavid states that he fears his life is in danger, he provides no specifics and does not connect his fear to a clear and *imminent* danger. He asserts that he was previously attacked; however, given the vague and conclusory nature of his motion, without more, his fear of future harm is speculative.

Moreover, McDavid's vague statements concerning being an "outcast" as well as his conclusory statements that harm is "ongoing" also fail to demonstrate that danger is both clear and imminent. McDavid's articulation that he needs placement in safekeeping so that he can pursue his legal claims and file another civil rights lawsuit fails to show that a substantial threat exists that irreparable harm will result if the injunction is not granted. Given his speculative and conclusory allegations, McDavid fails to clearly carry the burden of persuasion as to all elements necessary for a preliminary injunction/temporary restraining order.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff McDavid's motion preliminary injunction, (Dkt. #38), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 30th day of November, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE