IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROY LYNN MCDAVID, #01235555, | § |
| Plaintiff, | § |
| v. | § Case No. 6:20-cv-579-JDK-JDL |
| KIMBERLY THOMPSON, et al., | § |
| Defendants. | § |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Roy Lynn McDavid, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court is Plaintiff's motion for injunctive relief. Docket No. 38. On November 30, 2021, Judge Love issued a Report and Recommendation recommending that the Court deny Plaintiff's motion. Docket No. 62. Plaintiff objected to the Report. Docket No. 69.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff asserted that he was previously assaulted and explained that he was recently assaulted shortly after filing this lawsuit. Docket No. 69. As a result, Judge Love ordered Defendants to respond to Plaintiff's claims of imminent danger. Docket No. 70.

In response, Defendants assert that none of the named Defendants in this lawsuit has the authority to provide the relief Plaintiff seeks through a preliminary injunction. Docket No. 73. Defendants highlight that Plaintiff seeks a custody reassignment, namely placement back on GII Safekeeping. Defendants explain that only the Unit Classification Committee (UCC) has the authority to change Plaintiff's housing classification—and none of the named Defendants serves on the TDCJ Smith Unit's UCC.

Defendants provided an affidavit from Timothy Fitzpatrick, Director III for Classification and Records in Huntsville, Texas, confirming these assertions. Docket No. 73-1. Mr. Fitzpatrick explains that the UCC is "responsible for assigning inmates to housing and jobs." Docket No. 73-1 at 1. He further asserts that Plaintiff is currently housed at the Smith Unit in Lamesa, Texas, and is assigned "a custody level, housing assignment and job by the Smith Unit UCC." *Id.* Mr. Fitzpatrick denotes that none of the named Defendants in this case "are currently assigned to the UCC at the Smith Unit and cannot provide the relief Inmate McDavid is seeking in this lawsuit." *Id.* at 2.

A review of Plaintiff's motion for a preliminary injunction confirms that he seeks "TDCJ State Classification to place [him] on G2 Safekeeping status." Docket No. 38 at 1. Plaintiff is currently housed at the Smith Unit in Lamesa, Texas. However, the named Defendants in this lawsuit are located throughout Texas, including in Tennessee Colony, Austin, and Huntsville, respectively. Accordingly, they cannot provide Plaintiff the relief he seeks. *See McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013) ("[P]laintiff does not have standing to pursue injunctive relief because [defendant] is without authority to redress his injuries."); *see also Okpalobi v. Foster*, 244 F.3d 405, 426-27, 431 (5th Cir. 2001) (finding that plaintiffs failed to demonstrate standing to obtain injunctive relief where defendants lacked authority and "had no power to redress the asserted injuries.").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 62) as the opinion of the District Court. Accordingly, the Court hereby **DENIES** Plaintiff's motion for injunctive relief (Docket No. 38).

So **ORDERED** and **SIGNED** this **19th** day of **January, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE