IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROY LYNN MCDAVID, #01235555, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-579-JDK-JDL |
| KIMBERLY THOMPSON, et al., | § § § | |
| Defendants. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Roy Lynn McDavid, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court are Plaintiff's second and third notices of objections, (Docket Nos. 66, 77), as well as multiple letters. In his filings, Plaintiff states that he seeks to withdraw consent to proceed before Judge Love—essentially maintaining that his rulings are evidence that Judge Love "favors the State."

Federal Rule of Civil Procedure 72(a) provides that a party may serve and file objections to a non-dispositive order of the Magistrate Judge, and that the District Judge to whom the case is assigned shall consider these objections and modify any portion of the Magistrate Judge's order found to be "clearly erroneous or contrary to law."

As previously explained, a District Judge may refer pretrial and preliminary matters to a Magistrate Judge for a Report and Recommendation as well as pretrial orders. Docket No. 64 at 2. No consent is required as to pretrial and preliminary matters. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir. 2002). Thus, Plaintiff's complaints about the assignment of the United States Magistrate Judge to this case are without merit given the current status of the case.

To the extent that Plaintiff argues that Judge Love's rulings illustrate bias, that argument is also without merit. *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("First, judicial rulings almost never constitute a valid basis for a bias or partiality motion."); *Hinojosa v. U.S. Bureau of Prisons*, 593 F. App'x 262, 265 (5th Cir. 2014) (finding that Hinojosa failed to show the judge's impartiality because he "point[ed] only to the district court's rulings against him as evidence of bias.").

The Court has conducted a careful *de novo* review of these objections in this cause and has concluded that the Magistrate Judge's orders in this case are neither clearly erroneous nor contrary to law. Therefore, it is **ORDERED** that Plaintiff McDavid's objections, (Docket Nos. 66, 77), construed as Rule 72(a) appeals, are **OVERRULED**.

Additionally, the Court warns Plaintiff McDavid that further repeated frivolous filings or pleadings seeking to withdraw consent on pretrial and preliminary matters which have been referred to a United States Magistrate Judge for a Report and Recommendation, as well as other pretrial orders pursuant to 28 U.S.C. 636(b), may result in monetary or other sanctions.

So **ORDERED** and **SIGNED** this **31st** day of **January, 2022.**

                                                JEREMY D. KERNODLE
                                                UNITED STATES DISTRICT JUDGE