IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ROY LYNN McDAVID, #01235555 §

VS. § CIVIL ACTION NO. 6:20cv579

KIMBERLY THOMPSON, ET AL. §

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Roy Lynn McDavid, a prisoner confined at the Smith Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights occurring at the Michael Unit. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 16, 2022, Judge Love issued a Report (Docket No. 81), recommending that Defendants' motion to dismiss (Docket No. 24) be granted, in part, and denied in part. Specifically, Judge Love recommended that Plaintiff's failure-to-protect claims against Defendants Meador and Kempt be dismissed with prejudice for the failure to state a claim against them upon which relief may be granted. He further recommended that Plaintiff's failure-to-protect claim against Defendant Thompson remain pending before the Court. Judge Love also recommended that all of Plaintiff's property claims against Defendants Kempt, Neal, and Garrett be dismissed with prejudice under the *Parratt*/*Hudson* doctrine. Finally, Judge Love recommended that with the exception of Defendant Thompson,

1

Defendants should be granted qualified immunity. Plaintiff filed timely objections to the Report, (Docket No. 83).

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir, 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten days to fourteen).

On objection, Plaintiff relitigates his contentions that all named Defendants failed to protect him from a substantial risk of harm. He also alleges that the Report failed to address his claims concerning Defendant Barnett. However, as explained, the operative pleading in this case is Plaintiff's amended complaint (Docket No. 13). An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). A review of the amended, operative pleading (Docket No. 13) demonstrates that Defendant Barnett is not listed as a Defendant and does not appear in the amended complaint. To the extent Plaintiff complains that none of his subsequent "amended complaints" are being considered, Plaintiff failed to seek leave of Court before simply filing such "amended complaints" (Dkt. ##39, 56).

In any event, a review of Plaintiff's initial complaint (Docket No. 3) shows that Plaintiff is suing Defendant Barnett, grievance administrator/investigator, with

respect to claims concerning his prison grievances. Plaintiff attached his prison grievances signed by Defendant Barnett to his original complaint (Dkt. #1) and states that Defendant Barnett as grievance administrator "consented" to his allegations, presumably by signing responses to his grievances that he is not satisfied with. However, as explained correctly by Judge Love in his Report, a prisoner does not have a constitutional right or a liberty interest in having grievances resolved or investigated to their satisfaction. *See Alexander v. TDCJ*, 951 F.3d 236, 240 (5th Cir. 2020) ("Third, the District Court did not abuse its discretion in dismissing Alexander's claim that his grievances were mishandled or improperly denied, as prisoners have no due process rights in the inmate grievance process."). Plaintiff's remaining objections are also without merit.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Docket No. 81), is **ADOPTED** as the opinion of the Court. Petitioner's objections, (Docket No. 83), are **OVERRULED**. Further, it is

**ORDERED** that Defendants' motion to dismiss, (Docket No. 24), is **GRANTED**, in part, and **DENIED** in part. Plaintiff's claims against Defendants Kempt and Meador are **DISMISSED**, with prejudice, for the failure to state a claim upon which relief may be granted. Plaintiff's property claims against Defendants Kempt, Neal, and Garrett, as well as claims concerning the resolution/investigation of his prison grievances, are **DISMISSED**, with prejudice, and his claims for injunctive relief are **DENIED** as moot. Finally, Plaintiff's claims against Defendant Thompson shall proceed before the Court.

So **ORDERED** and **SIGNED** this **3rd** day of **March, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE