## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| ROY LYNN MCDAVID, #01235555, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-579-JDK-JDL |
| KIMBERLY THOMPSON, et al., | § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Roy Lynn McDavid, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  Before the Court are Plaintiff's summary judgment motion (Docket No. 105) and Defendant Kimberly Thompson's summary judgment motion (Docket No. 107).

On January 5, 2023, Judge Love issued a Report and Recommendation recommending that the Court grant Defendant' motion and deny Plaintiff's motion, resulting in dismissal of this case with prejudice.  Docket No. 122.  Plaintiff timely objected.  Docket No. 124.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Objections that simply rehash or mirror the underlying claims addressed in the Report are not, however, sufficient to entitle the party to de novo review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted).

Here, on objection, Plaintiff does not respond to the legal reasoning of the Report. Instead, Plaintiff argues that the Magistrate Judge is biased and that this case is not frivolous. He also argues that his hand-written notations within the summary judgment evidence are not hearsay—and that he was viciously "attacked."

As the Magistrate Judge correctly found, however, simply because harm was not averted does not mean that deliberate indifference occurred. *See Eugene v. Deville*, 791 F. App'x 484, 485 (5th Cir. 2020) (explaining that a prison official may satisfy the Constitution "if they reasonably responded to the risk, even if harm was not averted" (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994))). The competent summary judgment evidence reveals that Defendant Thompson and prison officials responded to the risk to Plaintiff even if harm was not averted. *See, e.g., Stout v. LeBlanc*, 599 F. App'x 170, 171 (5th Cir. 2015) ("An official is not liable if she

reasonably responded to a known substantial risk, even if the harm was ultimately not averted."); *Parker v. Currie*, 359 F. App'x 488, 490 (5th Cir. 2010).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 122) as the opinion of the District Court. The Court hereby **GRANTS** Defendant's summary judgment motion (Docket No. 107) and **DENIES** Plaintiff's summary judgment motion (Docket No. 105). Plaintiff's claims are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **27th** day of **January, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE